UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - -x

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **INDICTMENT** |
| - v. - | | 13 CRM 289 |
| DAVID CORREA, | : | |
| Defendant. | : | |

- - - - - - - - - - - - - - - - - -x

**ORIGINAL**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: APR 17 2013

COUNT ONE

(Conspiracy to Commit Wire and Healthcare Fraud)

The Grand Jury charges:

1. From at least in or about 2010, up to and including in or about July 2012, in the Southern District of New York and elsewhere, DAVID CORREA, the defendant, and others known and unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to violate Sections 1343 and 1347 of Title 18, United States Code.

Objects of the Conspiracy

Wire Fraud

2. It was a part and an object of the conspiracy that DAVID CORREA, the defendant, and others known and unknown, willfully and knowingly, having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses,

1


Judge Hellerstein

representations, and promises, would and did transmit and cause to be transmitted by means of wire and radio communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds for the purpose of executing such scheme and artifice, in violation of Title 18, United States Code, Section 1343.

### Health Care Fraud

3. It was further a part and an object of the conspiracy that DAVID CORREA, the defendant, and others known and unknown, willfully and knowingly would and did execute and attempt to execute a scheme and artifice to defraud a health care benefit program, and to obtain, by means of false and fraudulent pretenses, representations, and promises money owned by and under the custody and control of a health care benefit program in connection with the delivery of and payment for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

(Title 18, United States Code, Section 1349.)

### COUNT TWO

(Conspiracy to Commit Adulteration and Misbranding Offenses)

The Grand Jury further charges:

4. From at least in or about 2010, up to and including in or about July 2012, in the Southern District of New York and elsewhere, DAVID CORRERA, the defendant, and others known and

2

unknown, willfully and knowingly did combine, conspire, confederate, and agree together and with each other to commit offenses against the United States, to wit, to violate Sections 331(a), 331(b), 331(c), 331(k), and 333(a)(2) of Title 21, United States Code.

## Objects of the Conspiracy

5. It was a part and an object of the conspiracy that DAVID CORRERA, the defendant, and others known and unknown, willfully and knowingly, and with the intent to defraud and mislead, would and did introduce and deliver for introduction into interstate commerce a drug that was adulterated and misbranded, as those terms are defined in Title 21, United States Code, Sections 351(a) and 352(a), in violation of Title 21, United States Code, Sections 331(a) and 333(a)(2).

6. It was further a part and an object of the conspiracy that DAVID CORRERA, the defendant, and others known and unknown, willfully and knowingly, and with the intent to defraud and mislead, would and did adulterate and misbrand as those terms are defined in Title 21, United States Code, Sections 351(a) and 352(a), a drug in interstate commerce, in violation of Title 21, United States Code, Sections 331(b) and 333(a)(2).

7. It was further a part and an object of the conspiracy that DAVID CORRERA, the defendant, and others known and unknown,

willfully and knowingly, and with the intent to defraud and mislead, would and did receive in interstate commerce a drug that was adulterated and misbranded, as those terms are defined in Title 21, United States Code, Sections 351(a) and 352(a), and would and did deliver and proffer delivery thereof for pay and otherwise, in violation of Title 21, United States Code, Sections 331(c) and 333(a)(2).

8. It was further a part and an object of the conspiracy that DAVID CORRERA, the defendant, and others known and unknown, willfully and knowingly, and with the intent to defraud and mislead, would and did alter, mutilate, destroy, obliterate and remove the whole and any part of the labeling of a drug, and would and did do other acts with respect to a drug while such drug was held for sale, after shipment in interstate commerce and which resulted in such drug being adulterated and misbranded, as those terms are defined in Title 21, United States Code, Sections 351(a) and 352(a), in violation of Title 21, United States Code, Sections 331(k) and 333(a)(2).

### Overt Act

9. In furtherance of the conspiracy, and to effect the illegal objects thereof, the following overt act, among others, was committed in the Southern District of New York and elsewhere: On or about August 16, 2011, DAVID CORRERA, the defendant, had a phone conversation with a co-conspirator not

named as a defendant herein ("CW-2"). During that call, CORRERA complained that there was a problem with one of the bottles of second-hand drugs he had previously purchased from CW-2, and CW-2 promised to come pick it up immediately.

(Title 18, United States Code, Section 371.)

## FORFEITURE ALLEGATIONS

10. As a result of committing the health care fraud conspiracy offense alleged in Count One of this Indictment, DAVID CORREA, the defendant, shall forfeit to the United States, pursuant to 18 U.S.C. § 982(a)(7), any property, real and personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of such offense.

### Substitute Assets Provision

11. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    a.   cannot be located upon the exercise of due diligence;

    b.   has been transferred or sold to, or deposited with, a third party;

    c.   has been placed beyond the jurisdiction of the court;

    d.   has been substantially diminished in value; or

    e.   has been commingled with other property

which cannot be divided without difficulty;

it is the intention of the United States, pursuant to 18 U.S.C. § 982(b) and 21 U.S.C. § 853(p), to seek forfeiture of any other described forfeitable property.

>     (Title 18, United States Code, Sections 981 and 982
>         Title 21, United States Code, Section 853, and
>         Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
PREET BHARARA
UNITED STATES ATTORNEY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

- v. -

DAVID CORREA

Defendant.

INDICTMENT

13 Cr.

(18 U.S.C. §§ 371, 1349, 981, and 982; 21 U.S.C. § 853;
28 U.S.C. § 2461.)

PREET BHARARA
United States Attorney.

A TRUE BILL

Foreperson.

4/17/13 - Filed Indictment.
Case assigned to Judge Hellerstein
Judge Francis
US MJ.